**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX RESTITULLO,<br><br>     Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | No. 20cv15562 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

Petitioner Felix Restitullo filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. D.E. 1 ("Mot."). *See United States v. Restitullo*, 15cr00394 (D.N.J. Sept. 14, 2017) ("Crim. Case"). Respondent United States opposes the motion. D.E. 15 ("Opp'n").

For the reasons below, the Court will **DENY IN PART** the Motion and **DISMISS IN PART AS PROCEDURALLY DEFAULTED**. No certificate of appealability will issue.

## I.   BACKGROUND

Petitioner "possessed an extensive child pornography collection, which included 3,114 pictures and 354 videos. [Petitioner] stored his collection on two hard drives, a thumb drive, a memory card, and DVDs." *United States v. Restitullo*, 796 F. App'x 76, 78 (3d Cir. 2019) ("*Restitullo II*"). "He also produced child pornography. In creating his pornography, [Petitioner] abused his six-year old niece [("Victim")]. [Victim] told a psychologist that [Petitioner] engaged in sexual acts with her. She described those sex acts in graphic detail to the psychologist." *Id.* Detective Joanne Son of the Hudson County Prosecutor's Office interviewed Victim and her

seven-year-old friend after receiving reports they had been assaulted.  *Id.*; Opp'n at 4.  The girls "revealed that Restitullo sexually abused them in the Bedroom, 'touch[ing] [their] vagina[s] and butt[s]' and squirting 'milk' from 'his penis.'"  Opp'n at 4 (alterations in original).  "[] Victim also indicated that [Petitioner] 'takes pictures of her butt with his silver camera which he gets from his bedroom closet, and he sends it to his friends.'"  *Id.*  Detective Son began drafting a warrant application while other officers arrested Petitioner at his work.  *Id.* at 4-5.

Petitioner initially invoked his right to counsel but later "changed his mind, gave a statement, and consented to a search of the Bedroom."  *Id.* at 5.  "Because of [Petitioner's] consent, the police searched his apartment without ever filing the already-drafted warrant application. During the search, the police recovered additional evidence of [Petitioner's] criminal conduct." *Restitullo II*, 796 F. App'x at 78.  Petitioner filed a pretrial motion to suppress his statements to police and the evidence collected from his apartment.  Crim. Case D.E. 16.  Judge Walls granted Petitioner's motion as to his statements, but denied the motion to suppress the evidence based on the inevitable discovery doctrine.  *United States v. Restitullo*, 215 F. Supp. 3d 343, 346 (D.N.J. 2016) ("*Restitullo I*").

At trial, Victim's psychologist Dr. Leah Schild "testified about specific sexual acts taken by [Petitioner's] to abuse his niece."  *Restitullo II*, 796 F. App'x at 81-82.  Special Agent George Doyle identified images of Victim that were on a thumb drive seized from Petitioner's bedroom. May 5, 2017 Tr., Crim. Case D.E. 78 at 19:21 to 21:1.  Doyle further testified that the exchangeable image file format ("EXIF") data for the photographs matched Petitioner's Minolta DiMage S404 camera.  May 9, 2017 Tr., Crim. Case D.E. 83 at 31:16 to 32:22.  He also testified that a sexually explicit photograph showing Petitioner's face, Exhibit 100-L, had EXIF data matching the Minolta DiMage camera.  May 10, 2017 Tr., Crim. Case D.E. 62 at 61:8-15.  The jury convicted Petitioner

of one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Crim. Case D.E. 57.

Trial counsel filed a motion for a new trial or a judgment of acquittal in accordance with Federal Rules of Criminal Procedure 29 and 33.  Crim. Case D.E. 59-1.  Trial counsel argued that the United States "failed to identify who actually took the photographs of the minor child.  Absent a showing of who actually took the photographs, the Government failed to present sufficient evidence to show that Defendant was guilty of the crime charged to prove the production charge beyond a reasonable doubt."  *Id.* at 4.  The District Court denied the motion on July 5, 2017.  Crim. Case D.E. 61.

On September 8, 2017, the District Court sentenced Petitioner to a total term of 480 months imprisonment followed by a lifetime term of supervised release.  Crim. Case D.E. 67.  The District Court later ordered Petitioner to pay $312,000 in restitution.  Crim. Case D.E. 75.  Petitioner filed a timely appeal in the United States Court of Appeals for the Third Circuit.  Crim. Case D.E. 72.

Petitioner raised four claims on appeal: (1) the District Court erred in denying Petitioner's motion to suppress the evidence taken from his apartment; (2) the District Court erred by admitting Dr. Schild's testimony; (3) the District Court erred by admitting a video from Petitioner's collection into evidence; and (4) the District Court imposed an excessive restitution award.  *Restitullo II*, 796 F. App'x at 78.  The Third Circuit affirmed the District Court's rulings and denied Petitioner's appeal.  *Id.* at 85.

On November 1, 2020, Petitioner filed this motion.  Judge Arleo granted Respondent's request to interview Petitioner's trial counsel on March 4, 2021.  D.E. 6.  The matter was reassigned to the undersigned on June 28, 2022, D.E. 9, and the Court ordered Respondent to file an answer

on July 22, 2022, D.E. 10.  Respondent opposed on October 3, 2022.  Opp'n.  Respondent included the supplemental appendix it had filed with the Third Circuit.  Supplemental Appendix for Appellee, D.E. 16 ("Supp. App'x).  Petitioner did not file a traverse.  *See* D.E. 21 (Order extending time for Petitioner to submit a traverse).

## II.    LEGAL STANDARD

In relevant part, Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

However, Section 2255 does not provide a remedy for all trial or sentencing errors.  *See United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).  "Section 2255 permits relief for an error of law or fact only where the error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.   ANALYSIS

Petitioner raises seven claims for relief under Section 2255:

1. "the district court improperly relied on the inevitable discovery doctrine in denying [Petitioner's] motion to suppress evidence";
2. the District Court allowed evidence that was prejudice[d] against defense case.  It allowed testimony about molestation eventhough [sic] the prosecution did not charge [Petitioner] with molestation";
3. "[t]he district court improperly admitted video evidence of child pornography when the evidence was cumulative . . . and any probative value out weighed by the substantial prejudice [to Petitioner]";
4. trial counsel "failed to gather evidence that would have proven that the illegal search and seizure of [Petitioner's] residence was conducted prior to his arrest or warrant was ever issued for such";

4

5.  trial counsel was ineffective for failing to provide Petitioner "with discovery and records of the case against" Petitioner prior to trial;

6.  trial counsel was ineffective for failing to call Petitioner's niece as a witness to rebut Dr. Schild's testimony; and

7.  the District Court erred in not dismissing the production charge because the United States failed to prove the charge beyond a reasonable doubt.

Mot. at 5-13.

A district court must hold an evidentiary hearing on a Section 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021). Here, the record conclusively demonstrates that Petitioner is not entitled to relief. Therefore, the Court will not conduct an evidentiary hearing.

**A.     Claims One, Two, and Three are Barred as They were Raised on Direct Appeal**

Respondent argues Petitioner is not entitled to Section 2255 relief on Claims One, Two, and Three because Petitioner raised those claims on direct appeal. Opp'n at 10. The Court agrees.

"[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring); *see also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("[I]ssues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion . . . ."); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993). "That rule is an embodiment of the law-of-the-case doctrine, which provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Thomas*, 750 F. App'x 120, 124, (3d Cir. 2018) (quoting *Farina v. Nokia Inc.*, 625 F.3d 97, 117 n.21 (3d Cir. 2010)). There are exceptions to this general rule, and the Court has "discretion to revisit the law of the case when '(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and

would create manifest injustice.'" *Id.* (quoting *Schneyder v. Smith*, 653 F.3d 313, 331-32 (3d Cir. 2011)).

Petitioner challenged the admission of Dr. Schild's testimony and the video, as well as the District Court's denial of Petitioner's motion to suppress, on his direct appeal. *Restitullo II*, 796 F. App'x at 78. The Third Circuit thoroughly addressed each argument and affirmed the District Court's rulings. *Id.* Petitioner has not presented any new evidence nor pointed to any intervening changes in the law. Therefore, the Court sees no reason to depart from the general rule to reconsider Petitioner's arguments here. The Court will **DISMISS AS PROCEDURALLY BARRED** Claims One, Two, and Three.

## B.   Claim Seven is Barred as Petitioner Did Not Raise It on Direct Appeal

Petitioner's seventh claim, a challenge to the sufficiency of the evidence for the production charge, is likewise procedurally barred. However, Claim Seven is barred because Petitioner failed to raise it on direct appeal.

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *see also United States v. Braddy*, 837 F. App'x 112, 115 (3d Cir. 2020) ("A § 2255 motion does not function as a second appeal . . . ."). "[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion." *Travillion*, 759 F.3d at 288 n.11 (citing *DeRewal*, 10 F.3d at 105 n.4). "[C]ourts will exempt a movant from that rule if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default." *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Petitioner has not satisfied either exception.

     *1.    Petitioner has not shown cause and prejudice*

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Petitioner does not address the failure to raise Claim Seven other than to state "[c]ounsel did not include this in the appeal and never raised the question." Mot. at 14.

     "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753-54. In other words, Petitioner can show cause for the default of Claim Seven only if trial counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to raise this claim on direct appeal.

     Under *Strickland*, a claim of ineffective assistance of counsel requires Petitioner to show that (1) defense counsel's performance was deficient and (2) the deficiency actually prejudiced the petitioner. 466 U.S. at 687. For the second *Strickland* element, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). The Court finds that Petitioner has not satisfied *Strickland*'s prejudice prong.

     "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  "[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (per curiam) (emphasis in original) (quoting *Jackson*, 443 U.S. at 319).  The District Court succinctly summarized the evidence prior to denying Petitioner's post-verdict motion:

> What came out [at trial] was that law enforcement found and seized a camera, a collection of photographs in [Petitioner's] bedroom, the contents of which revealed pictures of his 6-year-old niece being subjected to child molestation or sexual molestation.  And that the catalog reflected folders of pictures of similar children being involved in all types of sexual conduct which were housed in [Petitioner's] bedroom which were the subject, some of which were subject to being produced by a camera which had been identified as [Petitioner's] camera.

Rule 33 Motion Tr., Crim. Case D.E. 85 at 11:12-22.  The District Court also stated "this case overflows with evidence of guilt . . . . [Y]ou are talking about a deluge, a flood."  *Id.* at 14:11-12, 23-24.  Upon review of the papers submitted in support of and in opposition to the Motion, and the relevant materials contained in the record of the underlying criminal matter, the Court agrees.

For example, the United States showed a link at trial between the sexually explicit photographs of Victim and Petitioner's camera through the EXIF data.  *See* May 9, 2017 Tr., Crim. Case D.E. 83 at 31:16 to 32:22.  Exhibit 100-L, which showed Petitioner's face, had the same EXIF data.  May 10, 2017 Tr., Crim. Case D.E. 62 at 61:8-15.  The United States also provided evidence that the floor pattern seen in some of Victim's photographs matched Petitioner's bedroom floor.  May 5, 2017 Tr., Crim. Case D.E. at 60:13 to 61:21.  After viewing the evidence in the light most favorable to the United States, there is not a reasonable likelihood that Petitioner's appeal would have turned out differently had trial counsel challenged the sufficiency of the evidence on

8

appeal.  Therefore, Petitioner has not satisfied *Strickland*'s prejudice element.  In the absence of ineffective assistance of counsel, Petitioner has not shown cause for the procedural default.

    2.     *Petitioner has not shown actual innocence*

The other avenue for Petitioner to avoid procedural default and have his Section 2255 claim considered on the merits is to make a threshold showing of "actual innocence."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  To do this, Petitioner "must show that he is factually innocent, not simply that the evidence was legally insufficient."  *Stewart v. Warden Caanan USP*, 2022 WL 4533825, at *2 (3d Cir. Sept. 28, 2022) (per curiam) (citing *Bousley*, 523 U.S. at 623-24).  "That is, he must show that 'in light of all the evidence, it is more likely than not that no reasonable juror . . .  would have convicted him.'"  *Id.* (quoting *Cordaro v. United States*, 933 F.3d 232, 241 (3d Cir. 2019)).  The Court "may consider the entire record, including the pre-sentence report, in determining whether he has made such a showing."  *Id.*; *see also Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (setting forth the standard to show actual innocence and further explaining that all evidence, not just what was admitted at trial, is considered).

Upon review of the papers submitted in support of and in opposition to the Motion, and the relevant materials contained in the record of the underlying criminal matter, the Court concludes that Petitioner has not met the actual innocence standard.  In particular, the Court finds that the pre-sentence report, filed under seal as part of the Supplemental Appendix, strongly refutes any suggestion of actual innocence.  Supp. App'x at 891-903.  The Court will not excuse Petitioner's procedural default and will **DISMISS** Claim Seven accordingly.

## C.    Petitioner Has Not Shown Ineffective Assistance of Counsel

Petitioner's remaining arguments in Claims Four, Five, and Six concern the alleged ineffective assistance of trial counsel.  He asserts trial counsel "failed to gather evidence" about

the search of his residence, failed to provide Petitioner "with discovery and records" prior to trial, and failed to call Victim as a witness to rebut Dr. Schild's testimony.  Mot. at 9-12.  For these claims, Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result."  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).  Petitioner has not satisfied the *Strickland* standard for his claims.

>     1.    *Counsel was not ineffective for failing to "gather evidence" for the motion to suppress*

In Claim Four, Petitioner argues that trial counsel "failed to gather evidence that would have proven that the illegal search and seizure of [Petitioner's] residence was conducted prior to his arrest or warrant was ever issued for such.  This evidence consist[s] of removal of [Petitioner's] dog from the room prior to alleged securing of the residence."  Mot. at 9.

The Court concludes there is not a reasonable probability that the result of the suppression hearing would have been different had trial counsel argued that police officers removed Petitioner's dog from the premises before conducting the search.  That police searched Petitioner's residence without a warrant was never in question, but the District Court concluded the inevitable discovery exception applied because "Detective Son drafted a warrant application and accompanying affidavit before even speaking with" Petitioner; "there existed overwhelming probable cause, established by previously conducted victim interviews, in support of the warrant application" before the search; and "police officers had secured [Petitioner's] residence,

eliminating the possibility that evidence would be removed." *Restitullo I*, 215 F. Supp. 3d at 356. It is not reasonably likely that the added fact about the removal of Petitioner's dog would have changed this result. As the Third Circuit noted, "perhaps most importantly, the only reason that the police did not submit the warrant application is because [Petitioner] consented to the search." *Restitullo II*, 796 F. App'x at 81. The Court will therefore **DENY** Claim Four.

> 2.   *Counsel was not ineffective for failing to provide Petitioner with discovery*

Petitioner also has not satisfied *Strickland*'s standard for Claim Five, in which he asserts trial counsel failed to provide him with "discovery and records" before trial. Mot. at 10. He asserts that he "requested on several occasions that this documentation be made available to defendant in order to prepare for trial. Counsel never provided the documentation prior to going to trial." *Id.* Petitioner is not entitled to Section 2255 relief regardless of whether the Court construes the claim as either asserting a right to personally review all discovery or as a claim that Petitioner was unable to meaningfully participate in his defense.

To the extent Petitioner argues that trial counsel was ineffective because he did not provide Petitioner with discovery, the claim fails on the first *Strickland* element. "[A] defendant represented by counsel does not have a right under either the Constitution or the Federal Rules of Criminal Procedure to be provided with discovery personally." *United States v. Parsons*, 2015 WL 857313, at *15 (E.D. Pa. Feb. 27, 2015); *see also Carillo v. United States*, 995 F. Supp. 587, 263 (D.V.I. 1998) ("There is no constitutional duty to share discovery documents with petitioner. Petitioner cites no case law for this proposition, and this court finds none."). Therefore, Petitioner has not shown that trial counsel's representation fell below an objective standard of reasonableness.

To the extent the Court construes Claim Five as alleging trial counsel was ineffective because he prevented Petitioner from meaningfully participating in his defense, the claim fails on the prejudice element.  Petitioner does not elaborate on what "discovery and records" trial counsel did not provide, nor does he explain how the lack of access to those materials prevented him from participating in his defense.  *See Lenoir v. United States*, 2005 WL 2990630, at *5 (N.D. Ind. Nov. 8, 2005) ("[] Petitioner argues trial counsel provided ineffective assistance of counsel because he did not share the discovery material to Petitioner.  Petitioner fails to crystallize how this alleged deficiency caused him any prejudice, which is fatal to Petitioner's claim."); *Ramsden v. Warden, Dep't of Corr.*, 2003 WL 356031, at *10 (D. Me. Feb. 14, 2003) (cleaned up) ("While it is undisputed that a defendant has a constitutional right to participate in the making of certain decisions which are fundamental to his defense, the actual access to the hard copies of the discovery documents was not in this case fundamental to" the defense.), *report and recommendation adopted*, 2003 WL 1960592 (D. Me. Apr. 24, 2003).  Therefore, Petitioner's claim fails on the second *Strickland* element.  The Court will therefore **DENY** Claim Five.

> 3.      *Counsel was not ineffective for failing to call Victim as a witness*

In Claim Six, Petitioner asserts that trial counsel should have called Victim as a witness at trial to rebut Dr. Schild's testimony.  Mot. at 12.  "After the district court allowed testimony from [Dr. Schild] about molestation although defendant was not charged in federal court with molestation, counsel should have subpoenaed victim/witness for cross examination.  Cross examination could have proven that the case against production of child pornography was not proven by the prosecution."  *Id.*

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every

trial." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987); *see also Berryman v. Morton*, 100 F.3d 1089, 1101 (3d Cir. 1996) ("The right to counsel does not require that a criminal defense attorney leave no stone unturned and no witness unpursued."); *Judge v. United States*, 119 F. Supp. 3d 270, 284-85 (D.N.J. 2015) (cleaned up) ("Where a petitioner challenges his counsel's decision as to which witnesses to call, courts are required not simply to give the attorney the benefit of the doubt, but to affirmatively entertain the range of possible reasons petitioner's counsel may have had for proceeding as he did.").

Petitioner has not provided the Court with any evidence that Victim would have contradicted Dr. Schild's testimony about Petitioner's abuse, and he cannot meet *Strickland*'s prejudice element using "mere speculation about what the witnesses . . . might have said." *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989); *see also Duncan v. Morton*, 256 F.3d 189, 201-02 (3d Cir. 2001) (habeas petitioner failed to establish *Strickland* prejudice when he failed to present any sworn testimony by the witnesses he claimed counsel should have investigated and called at trial); *Baskerville v. United States*, 2018 WL 5995501, at *13 (D.N.J. Nov. 15, 2018) ("In the § 2255 context, other courts have similarly found that a petitioner needs to provide a sworn statement of fact from the proposed witness regarding what they would have testified to if a § 2255 petitioner is to establish *Strickland* prejudice."), *aff'd* 2021 WL 3578940 (3d Cir. Aug. 13, 2021). In the absence of a sworn statement from Victim describing her testimony, the Court cannot conclude that trial counsel's failure to call her as a witness was error or prejudiced Petitioner. Therefore, the Court will **DENY** Claim Six.

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court will deny a certificate of appealability because jurists of reason would not find it debatable that portions of the section 2255 Motion are procedurally defaulted and that Petitioner has not made a substantial showing of the denial of a constitutional right.

## V.    CONCLUSION

For the reasons stated above, Claims One, Two, Three, and Seven are **DISMISSED AS PROCEDURALLY DEFAULTED**. Claims Four, Five, and Six are **DENIED**. Petitioner is **DENIED** a certificate of appealability.

An accompanying Order will be entered.

 **12/20/2023**
Date

Evelyn Padin, U.S.D.J.

14